UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN J. COLLINS,              ) | |
|                        ) | |
|        *Petitioner,*         ) | |
|                        ) | |
| v.                              ) | No. 1:15-cv-00164-NT |
|                        ) | |
|                        ) | |
| RODNEY BOUFFARD,                ) | |
| *Warden, Maine State Prison,*   ) | |
|        *Respondent*         ) | |

### *RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION*

Kevin J. Collins, an inmate at the Maine State Prison, has filed a habeas petition pursuant to 28 U.S.C. § 2254.[1] This is petitioner's second petition challenging the same state court judgments. Petition (ECF No. 1) at 2, 6, 8; *Collins v. Bouffard*, No. 1:14-cv-197-NT, 2015 WL 263491, at *2-*5 (D. Me. Jan. 20, 2015). Because this is a second petition, brought without the consent of the First Circuit Court of Appeals while the petitioner's appeal from this court's decision on his first petition is pending, I recommend that the court dismiss the petition.

### I.     Discussion

One of the state court judgments is an exhausted Kennebec County post-conviction matter, *Collins v. State*, AUGSC-CR-2011-00028 (Me. Super. Ct., Ken. Cnty.), which addressed criminal judgments in *State v. Collins*, No. AUGSC-CR-2009-00006 (Me. Super. Ct., Ken. Cnty.), and *State v. Collins*, No. AUGSC-CR-2009-00232 (Me. Super. Ct., Ken. Cnty.). The Law Court denied discretionary review of the Kennebec County post-conviction matter, *Collins v. State*, Ken-13-343. *See Collins*, 2015 WL 263491, at *4.

---

[1] Petitioner filed the petition in two parts. Petition (ECF No. 1), 2-11; (ECF No. 2), 12-16.

The other judgment was, at the time of the prior section 2254 petition, an unexhausted Somerset County post-conviction matter, *Collins v. State*, SOMCD-CR-2014-578 (Unified Criminal Docket), which addressed a criminal judgment in *State v. Collins*, No. SKOSC-CR-2010-00077 (Me. Super. Ct., Som. Cnty.). In petitioner's prior section 2254 case, the State reported in October 2014 that petitioner had requested discretionary review of the Somerset County post-conviction matter, but the Law Court had not yet docketed the case. *See Collins*, 2015 WL 263491, at *5.

This court decided all of the claims in Petitioner's first section 2254 petition, including both the exhausted and unexhausted claims, on the merits. 2015 WL 263491, at *1, *8-*10. Petitioner has appealed this court's January 20, 2015, ruling on his first section 2254 petition, and the appeal is currently pending in the First Circuit Court of Appeals. *Collins v. Bouffard*, No. 15-1160 (1st Cir. docketed 5/21/15).

Because the pending petition involves the same state court judgments as Petitioner's prior petition, it is a "second or successive" petition for purposes of 28 U.S.C. § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) (holding that a habeas petition is "second or successive" under 28 U.S.C. § 2244(b) if it challenges the same judgment as the first habeas petition). Title 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This court lacks jurisdiction to consider a second or successive section 2254 petition unless the First Circuit specifically authorizes it to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (holding that the district court does not have jurisdiction to consider a second or successive petition unless the appropriate circuit court of appeals authorizes the district court to

consider the petition, pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Gautier v. Wall*, 620 F.3d 58, 61 (1st Cir. 2010) (same).

First Circuit Rule 22.1(e) is also applicable and states in part: "If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."   Under section 1631, an action must be transferred if jurisdiction is lacking in the court in which the action is filed and "if it is in the interest of justice" to transfer it.  I conclude that in this case, a transfer is not in the interest of justice because this court has already ruled on petitioner's claims, concluding that they lack merit, and his appeal from that decision is currently pending.

## II.     Conclusion

Based on the foregoing analysis, I recommend that the petition be dismissed without requiring the State to respond to the petition.  I further recommend that the court deny a certificate of appealability, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of June, 2015.

>/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge